## YORK *v.* WEST.

MORTGAGES—PAYMENT—EVIDENCE—SUFFICIENCY.

On a bill to obtain an adjudication that a certain mortgage no longer constituted a lien on complainant's lands, evidence examined, and *held*, not to show that the mortgage was paid by including its amount in a new mortgage, and to show that the statute of limitations had been tolled by payments.

Appeal from Lapeer; Smith J.   Submitted October 16, 1906.   (Docket No. 83.)   Decided March 26, 1907.

Bill by Elizabeth York against Harrison P. West to remove a cloud from title to certain land.   From a decree for complainant, defendant appeals.   Reversed, and bill dismissed.

*Herbert W. Smith*, for complainant.

*Stickney & Reed*, for defendant.

CARPENTER, J.   Complainant commenced this suit in chancery for the purpose of obtaining an adjudication that a certain mortgage held by defendant, covering her

lands, no longer constituted a lien thereon. The case was heard in the circuit upon testimony taken in open court, and a decree rendered in complainant's favor. The circuit court found, in accordance with the claim of complainant, that the mortgage in question, which was made June 5, 1876, was paid January 4, 1890, by including the amount then remaining unpaid in a new mortgage that day executed by complainant and her husband and covering the same property. Was this finding correct? There is testimony to warrant it. That testimony is furnished by complainant's husband, her son, and her son's wife. But we think that testimony should be discredited. The holder of the two mortgages was Daniel West, defendant's brother. Daniel died in 1894. Subsequently, on the 5th of June, 1896, complainant's husband, who then owned the land, signed a statement, indorsed on the back of the mortgage in question, admitting that there was then due thereon $168. On the same day he signed a statement, on the back of the second mortgage, admitting that there was due thereon $30. Complainant's husband testifies that these statements were not read to him, and that he supposed that his admission related solely to the second mortgage. I do not credit this testimony. It is improbable, and I am convinced by the testimony of other witnesses that it is untrue. I believe that complainant's husband, at the time he signed these statements, knew precisely what he was doing, and intended to thereby admit that the mortgage in question continued to be a lien upon the land it covered. Believing this, I am compelled to discredit his own opposing testimony and that of his son and daughter-in-law.

Complainant also contends that the statute of limitations has operated to discharge the lien of the mortgage. We answer this by saying that if the admission of June 5, 1896, does not prevent complainant raising this question, we are convinced by the testimony that the mortgage was kept alive by payments made thereon.

We conclude, therefore, that the decree of the circuit court should be reversed, and a decree entered in this court dismissing complainant's bill, with costs of both courts to defendant.

MCALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.